UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-00841 PA (AGRx) | Date | April 9, 2020 |
|---|---|---|---|
| Title | Candyman Kitchens, Inc., et al. v. Sweets Indeed, LLC, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| T. Jackson | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS – COURT ORDER

Before the Court is a Motion to Dismiss Plaintiffs' First Amended Complaint ("Motion") filed by defendants Sweets Indeed, LLC ("Sweets Indeed"), Marie E. Dannettelle ("Dannettelle"), and Gregory Nathanson ("Nathanson") (jointly "Defendants"). (Dkt. No. 22.)  Plaintiffs Candyman Kitchens, Inc. ("Candyman") and Can you Imagine That! Confections Inc. ("Can You Imagine That") (jointly "Plaintiffs") filed an Opposition (Dkt. No. 24), and Defendants filed a Reply. (Dkt. No. 25.)  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds this matter appropriate for decision without oral argument.  The hearing calendared for April 13, 2020, at 1:30 p.m. is vacated, and the matter taken off calendar.

**I.   Factual and Procedural Background**

According to the First Amended Complaint ("FAC"), Candyman is "the brainchild of David Klein, who invented the world famous Jelly Belly in 1976, and his daughter, Roaxanne (Roxy) Klein." (Dkt. No. 21 ¶ 2.)  "Candyman's mission was to provide novelty candy and confectionary that are fun, memorable, distinctive, and unusual." (Id. ¶ 3.)  Candyman allegedly "succeeded in its mission with its candy products designed to resemble fantastical or shocking objects, such as beautiful, multicolored edible candy 'sand art' (Sandy Candy), candy Blood Clots, and Crime Scene Candy packaged in plastic vials to resemble lab specimens, and candy Boogers from zombies, unicorns, dragons, etc." (Id.)

As alleged in the FAC, "[i]n 2017, Candyman relocated its manufacturing facility and business operations from Southern California to Florida." (Id. ¶ 5.)  "Rather than transporting all the manufacturing machinery and equipment across the country, Candyman sold its manufacturing facility in Covina, CA, and acquired facilities in Florida." (Id.)  Candyman's Covina, California "manufacturing facility was sold to another Southern California-based candy company," defendant Sweets Indeed. (Id. ¶ 6.)  "At the time of the sale, Sweets Indeed primarily focused on providing candy sprinkles and confetti, most often used as desert toppings and cake decorations." (Id.)

According to the FAC, the "terms of the sale were memorialized in the parties' Asset Purchase Agreement, which expressly excluded all of Candyman's trademarks, URL domains, goodwill, and other non-fixed assets from the sale." (Id. ¶ 7.)  "[O]n several occasions, "Dannettelle, founder of Sweets

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-00841 PA (AGRx) | Date | April 9, 2020 |
|---|---|---|---|
| Title | Candyman Kitchens, Inc., et al. v. Sweets Indeed, LLC, et al. | | |

Indeed, wrote to Mr. Klein to confirm that Plaintiffs' trademarks and business property remained property of Plaintiffs." (Id.)

Plaintiffs allege that "[a]lthough Defendants wrote that they were not interested in Plaintiffs' trademarks, brands, or business, after the sale, Sweets Indeed proceeded to rip-off Candyman's products and mislead Candyman's customers into believing that Candyman and Sweets Indeed are the same company or somehow related entities." (Id. ¶ 9.) For example, Sweets Indeed allegedly wrote to Candyman's customers stating: "This letter is part of an ongoing effort to reach out to former customers of Can you Imagine That and ensure that you are aware that we are continuing to make many of the same products as those that you were previously ordering." (Id.) "Thereafter, Sweets Indeed began selling novelty candies - specifically, the candy Boogers, candy Blood Clots, Crime Scene Candy, and Sandy Candy - that were virtually identical to Candyman's products." (Id. ¶ 10.) Sweets Indeed's products allegedly "bear Candyman's trademarks and trade dress, and some are . . . advertised under Plaintiff Can You Imagine That's company name." (Id.)

Plaintiffs allege that "Sweets Indeed intentionally caused such pervasive confusion that industry professionals, candy retailers, and customers were unable to discern the origin of the candy products." (Id. ¶ 11.) "For example, in late 2019, a customer service representative from Candy Warehouse, a large online bulk candy seller, stated a mistaken belief that "Sweet[s] Indeed and Can You Imagine [That] are together . . . either the same company or merged." (Id.)

As a result of Sweets Indeed's actions, Plaintiffs allege "Candyman has seen a drastic reduction in sales of its legitimate products, at least because consumers and retailers are unknowingly ordering rip-off products from Sweets Indeed." (Id. ¶ 12.) Plaintiffs allege that "[s]ome major resellers, including Amazon, have even suspended Candyman's ability to sell while Sweets Indeed continues to advertise, promote, and sell its copied products." (Id.)

On January 27, 2020 Plaintiffs filed a Complaint against Defendants. (Dkt. No. 1.) On February 20, 2020, Defendants filed a Motion to Dismiss. (Dkt. No. 15.) On February 27, 2020, Plaintiffs filed the operative FAC. (Dkt. No. 21.) Plaintiffs allege the following causes of action against Defendants: (1) trademark infringement and counterfeiting under 15 U.S.C. § 1114(1); (2) trademark infringement under 15 U.S.C. § 1125(a) and common law; (3) trademark dilution under 15 U.S.C. § 1125(c); (4) false designation of origin and descriptions under 15 U.S.C. § 1125(a); (5) trade dress infringement under 15 U.S.C. § 1125(a); (6) trade dress dilution under 15 U.S.C. § 1125(c); (7) common law unfair competition, (8) deceptive, false, and misleading advertising under Cal. Bus. & Prof. Code §§ 17500; and (9) unfair competition under Cal. Bus. & Prof. Code §§ 17200.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-00841 PA (AGRx) | Date | April 9, 2020 |
|---|---|---|---|
| Title | Candyman Kitchens, Inc., et al. v. Sweets Indeed, LLC, et al. | | |

**II.     Legal Standard**

Defendants now move to dismiss some of Plaintiffs' causes of action pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

**A.     Federal Rule of Civil Procedure 12(b)(1)**

"Article III of the Constitution requires that a plaintiff have standing to assert claims in federal court."  Jones v. Micron Technology Inc., 400 F. Supp. 3d 897, 906 (N.D. Cal. 2019) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992)).  Challenges to "Article III standing implicate a court's subject matter jurisdiction and therefore are properly raised under Federal Rule of Civil Procedure 12(b)(1)."  Id. (citing White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000)).  "Federal courts are courts of limited jurisdiction," and "[i]t is presumed that a cause lies outside this limited jurisdiction," unless otherwise shown.  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  Where a challenge is to the plaintiff's standing as alleged, the Court looks only to the allegations in the complaint, and assumes the allegations are true.  Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004).

"If the plaintiff lacks standing under Article III of the U.S. Constitution, then the court lacks subject matter jurisdiction, and the case must be dismissed."  Mollicone v. Universal Handicraft, Inc., 16-cv-07322, 2017 WL 440257, at *5 (C.D. Cal. Jan. 30, 2017).  "To establish standing, a plaintiff has the burden to demonstrate (i) that he suffered an injury-in-fact, (ii) which resulted from the defendant's conduct, and (iii) that a favorable ruling would redress the injury."  Jones, 400 F. Supp. 2d at 906.  If a court finds that a plaintiff lacks standing, the court does not reach the other allegations.  See, e.g., Maya v. Centex Corp., 658 F.3d 1060, 1068 (9th Cir. 2011) (internal quotations omitted) ("[T]he threshold question of whether plaintiff has standing (and the court has jurisdiction) is distinct from the merits of his claim.  Rather, the jurisdictional question of standing precedes, and does not require, analysis of the merits."); Makaryan v. Volkswagen Group of America, Inc., 17-cv-05086, 2017 WL 6888254, at *2 (C.D. Cal. Oct. 13, 2017) ("Because the Court agrees that Plaintiff's allegations fail to establish her standing, the Court does not reach Defendant's other arguments.").

**B.     Federal Rule of Civil Procedure 12(b)(6)**

Generally, plaintiffs in federal court are required to give only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  While the Federal Rules of Civil Procedure allow a court to dismiss a cause of action for "failure to state a claim upon which relief can be granted," Fed. R. Civ. P. 12(b)(6), they also require all pleadings to be "construed so as to do justice," Fed. R. Civ. P. 8(e).  The purpose of Rule 8(a)(2) is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-00841 PA (AGRx) | Date | April 9, 2020 |
|---|---|---|---|
| Title | Candyman Kitchens, Inc., et al. v. Sweets Indeed, LLC, et al. | | |

      However, in Twombly, the Supreme Court rejected the notion that "a wholly conclusory statement of [a] claim would survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery." Twombly, 550 U.S. at 561 (second alteration in original) (quoting Conley). Instead, the Court adopted a "plausibility standard," in which the complaint must "raise a reasonable expectation that discovery will reveal evidence of [the alleged infraction]." Id. at 556. For a complaint to meet this standard, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 555 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure §1216, pp. 235-36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")); see also Daniel v. Cty. of Santa Barbara, 288 F.3d 375, 380 (9th Cir. 2002) ("All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." (quoting Burgert v. Lokelani Bernice Pauahi Bishop Tr., 200 F.3d 661, 663 (9th Cir. 2000))). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (internal quotation marks omitted). In construing the Twombly standard, the Supreme Court has advised that "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

**III.     Discussion**

      Defendants argue: (1) plaintiff Can You Imagine That lacks standing, (2) Plaintiffs fail to state a claim for trademark/trade dress dilution (counts III and VI), (3) the FAC fails to state any specific factual allegations as to defendants Dannettelle and Nathanson; and (4) Plaintiffs fail to state a claim for false advertising under California law (count VIII).

      **A.     Plaintiff Can You Imagine That's Standing**

      Defendants first argue that plaintiff Can You Imagine That lacks standing to pursue these claims. (Mot. at 3.) Defendants argue that "[w]hile [Can You Imagine That] is referred to repeatedly and the term 'plaintiffs' is used throughout the complaint, the complaint fails to identify how or why [Can You Imagine That] has standing for any of the causes of action in this complaint." (Id.)

      "To establish standing to sue for trademark infringement . . ., a plaintiff must show that he or she is either (1) the owner of a federal mark registration, (2) the owner of an unregistered mark, or (3) a nonowner with a cognizable interest in the allegedly infringed trademark." Halicki Films, LLC v. Sanderson Sales and Marketin, 547 F.3d 1213, 1225 (9th Cir. 2008). "Only the copyright owner, or the owner of exclusive rights under the copyright, as of the time the acts of infringement occur, has standing

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-00841 PA (AGRx) | | Date | April 9, 2020 |
|---|---|---|---|---|
| Title | Candyman Kitchens, Inc., et al. v. Sweets Indeed, LLC, et al. | | | |

to bring an action for infringement of such rights." Lanard Toys. Ltd. v. Novelty Inc., 511 F. Supp. 2d 1020, 1033 (C.D. Cal. 2007)

In the FAC, Plaintiffs allege that, as part of its 2017 relocation to Florida, Can You Imagine That transferred all its intellectual property and rights to Candyman." (FAC ¶ 51.) According to the FAC, any alleged wrongdoing by Defendants occurred after the 2017 relocation, and in turn after Can You Imagine That transferred its intellectual property to Candyman. Therefore, as of the time of the alleged harm, Can You Imagine That was not the owner of the trademarks or trade dress at issue.

In their Opposition, Plaintiffs state that after Can You Imagine That's intellectual property was transferred to Candyman, Can You Imagine That "remained an authorized user of the asserted trademarks and dress; and [Can You Imagine That] suffered harm and injury caused by Defendants' unauthorized and illegal use of the trademarks and dress." (Opp. at 8.) However, Plaintiffs do not make these allegations in their Complaint. Thus, the Court finds that Plaintiffs have failed to establish that Can You Imagine That has standing to bring these claims. The Court therefore grants Defendants' Motion with respect to plaintiff Can You Imagine That's standing with leave to amend.

### B. Trademark/Trade Dress Dilution (Counts III and VI)

To prevail on a dilution claim, "a plaintiff must show that (1) the mark is famous and distinctive; (2) the defendant is making use of the mark in commerce; (3) the defendant's use began after the mark became famous; and (4) the defendant's use of the mark is likely to cause dilution by blurring or dilution by tarnishment." Arcsoft, Inc. v. Cyberlink Corp., 153 F. Supp. 3d 1057, 1065 (N.D. Cal. 2015) (citing Jada Toys, Inc. v. Mattel, Inc., 518 F.3d 628, 634 (9th Cir. 2008)).

Defendants argue Plaintiffs have failed to adequately allege that Plaintiffs' trademark and trade dress are famous. A mark qualifies as famous for the purposes of a dilution claim "if it is widely recognized by the general consuming public of the United States as a designation of source of the goods or services of the mark's owner." 15 U.S.C. §1125(c)(2); see also Global Apoge v. Sugarfina, Inc., 18-cv-5162, 2018 WL 4945305, at *4 (C.D. Cal. Oct. 10, 2018) (same). "The mark must have acquired the requisite level of fame by the time the defendant first began to use the mark in commerce." Arcsoft, 153 F. Supp. 3d at 1065 (internal quotations omitted). "In determining whether a mark possesses the requisite degree of recognition, the court may consider all relevant factors, including the following: (i) the duration, extent, and geographic reach of advertising and publicity of the mark, whether advertised or publicized by the owner or third parties, (ii) the amount, volume, and geographic extent of sales of goods or services under the mark, (iii) the extent of actual recognition of the mark, [and] (iv) whether the mark was registered under the Act of March 3, 1881 or the Act of February 20, 1905, or on the principal register." Id.

Applying these provisions, the Ninth Circuit has concluded that dilution "is a cause of action reserved for a select class of marks - those marks with such powerful consumer associations that even noncompeting uses can impinge on their value." Id. (citing Nissan Motor Co. v. Nissan Computer

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-00841 PA (AGRx) | Date | April 9, 2020 |
|---|---|---|---|
| Title | Candyman Kitchens, Inc., et al. v. Sweets Indeed, LLC, et al. | | |

Corp., 378 F.3d 1002, 1011 (9th Cir. 2004). "[D]ilution protection [extends] only to those whose mark is a household name." Id.

Here, Plaintiffs state their "trademarks are famous and are entitled to protection . . . ." (FAC ¶¶ 96, 111.) Plaintiffs state their "trademarks [and dress] have acquired inherent distinctiveness throughout Plaintiffs' extensive and continuous promotion and use of the marks in the United States." (Id.) "Through that extensive and continuous use, Plaintiffs' trademarks [and trade dress] have become famous, well-known indicators of the origin and quality of Plaintiffs' products throughout the United States and are widely recognized as a designation of source of Plaintiffs' products." (Id.) Plaintiffs further allege their "trademarks [and trade dress] have also acquired substantial secondary meaning in the marketplace." (Id.) Elsewhere in Plaintiffs' FAC, Plaintiffs allege that "[a]s a direct result of their novel and distinctive design, packaging, and marks - as well as the substantial time, money, and resources invested in promoting the marks and brands under which the products are sold - Plaintiffs' products became popular with customers of novelty candy." (Id. ¶ 46.)

"Without more, these allegations are insufficient to support a plausible claim of famousness for purposes of Plaintiffs' dilution claim." See Global Apogee, 2018 WL 4945305, at *4 (finding similar allegations a "mere recitation of the elements . . . insufficient to support a plausible claim of famousness for purposes of Plaintiff's dilution claim."), see also Arcsoft, Inc., 153 F. Supp. 3d at 1065 (finding allegations that "over 60 million consumers have downloaded the Perfect365 App globally, . . . and that . . . a significant portion of consumers readily identify the [Perfect365 Mark] and the term 'Perfect' with Acrsoft and its high quality selfie editing app and imaging software goods and services" insufficient to show that the plaintiff's marks were famous). Based on the above, the Court grants Defendants' Motion with respect to Plaintiffs' dilution claims III and VI, with leave to amend.[1]

### C.     Allegations as to Marie Dannettelle and Gregory Nathanson

Defendants next argue that Plaintiffs' "'shotgun pleading' fails to give individual defendants Nathanson and Dannettelle fair notice of the facts supporting any claims alleged against them." (Mot. at 6.) "Shotgun pleadings overwhelm defendants with an unclear mass of allegations and make it difficult or impossible for defendants to make informed responses to the plaintiff's allegations." Shin v. Time Squared Global, LLC, 15-cv-00943, 2015 WL 13284952, at *2 (C.D. Cal. Aug. 26, 2015). "One common theme of Rule 8(a) . . . Iqbal, [and] Twombly . . . is that plaintiffs must give the defendants a clear statement about what the defendants allegedly did wrong." Sollberger v. Wachovia Securities,

---

[1]     In support of its argument that Plaintiffs failed to prove dilution, Defendants also cite to Plaintiffs' interrogatory responses from another action. The Court cannot, and did not, consider these discovery responses as part of Defendants' Motion. See Aguilera v. Ducart, 18-cv-03389, 2019 WL 4168892, at * (N.D. Cal. Sept. 3, 2019) ("The Court cannot consider the arguments and evidence presented by plaintiff in his opposition because they rely on materials outside of the complaint, such as discovery responses.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-00841 PA (AGRx) | Date | April 9, 2020 |
|---|---|---|---|
| Title | Candyman Kitchens, Inc., et al. v. Sweets Indeed, LLC, et al. | | |

LLC, 09-cv-0766, 2010 WL 11595839, at *6 (C.D. Cal. Feb. 22, 2010). "The Court has recognized that allowing shotgun pleadings would lead to many negative consequences." Id.

"One common type of shotgun pleading comes in cases with multiple defendants where the plaintiff uses the omnibus term "Defendants" throughout a complaint by grouping defendants together without identify what the particular defendants specifically did wrong." Id.

The Court finds that Plaintiffs' Complaint as to any allegations against defendant Nathanson does constitute a "shotgun pleading." In the Complaint, Plaintiffs allege that Nathanson "is the Chief Executive Officer and an investor in Sweets Indeed." (Compl. ¶ 19.) Plaintiffs make no other specific allegations as to Nathanson. In their Opposition, Plaintiffs state that "as recently appointed Chief Executive Officer and long-time contributor to Sweets Indeed, Defendant Gregory Nathanson is aware of his individual actions involving the infringement and use of Plaintiffs' trademarks, dress, and intellectual property." (Opp. at 5.) However, Plaintiffs do not make any specific allegations as to defendant Nathanson, such as what "individual actions" defendant Nathanson should be aware of. Thus, the Court grants Defendants' Motion with leave to amend as to defendant Nathanson.

The Court finds however, that Plaintiffs do make sufficient specific allegations as to defendant Dannettelle. For example, Plaintiffs' Complaint alleges that "while negotiating the terms of the transaction in February 2017, Defendant Dannettelle wrote to Mr. Klein that Defendants were 'not interested in buying the business outright' and Plaintiffs 'would keep the . . . Can You Imagine That, Inc. brand as [Defendants] [were] not interested in taking that on." (FAC ¶ 50.) After Sweets Indeed acquired Can You Imagine That's manufacturing facility, "Defendant Dannettelle sent a letter to Plaintiffs' customers on behalf of Sweets Indeed" stating: "Recently, my company acquired the candy manufacturing facility formerly belonging to 'Can You Imagine That,' also known as 'Nifty Candy Company.' This letter is part of an ongoing effort to reach out to former customers of Can You Imagine That and ensure that you are aware that we are continuing to make many of the same products as those that you were previously ordering." (Id. ¶ 57.) The Court finds these allegations sufficient to put defendant Dannettelle on notice of what alleged wrongdoings she is accused of. The Court therefore denies Defendants' Motion as to defendant Dannattelle.

### D.  False Advertising Under California Law (Count VIII)

Defendants next argue that Plaintiffs' eighth cause of action for false advertising should be dismissed because "[i]t fails to identify which statements it alleges to be false or what defendant allegedly made them or how those statements were made, e.g. what media was used." (Mot. at 7.) California's false advertising law "makes it unlawful for a business to disseminate any statement 'which is untrue or misleading, and which is known, or which by the exercise of reasonable care would be known, to be untrue or misleading."

The Complaint includes several screen shots of Twitter statements, Instagram posts, and web page statements, which Plaintiffs allege are false. For example, Plaintiffs include a screen shot of

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-00841 PA (AGRx) | Date | April 9, 2020 |
|---|---|---|---|
| Title | Candyman Kitchens, Inc., et al. v. Sweets Indeed, LLC, et al. | | |

Defendants' Twitter account, which states "[t]he festive sweetness keeps coming with our Holiday Boogers Collection," and which falsely represents Plaintiffs' products as Defendants' products. (FAC ¶ 77.) In an Instagram post, Defendants allegedly again falsely advertise Plaintiffs' products as their own to Defendants' customers. (Id. ¶ 73.) Plaintiffs further state Defendants were aware these statements were false. (Id.)

Based on these allegations, the Court finds Plaintiffs have adequately shown which false statements Defendants are alleged to have made, and have adequately stated a claim for false advertising under California law. See, e.g. Tagtrends, Inc. v. Nordstrom, Inc., 13-cv-00536, 2013 WL 12126741, at *6 (C.D. Cal. Aug, 15, 2013) ("The Complaint alleges Defendant disseminated an untrue statement on its website, which it would have been aware of if it had exercised reasonable care . . . . Therefore, Plaintiff sufficiently states a [False Advertising Law] claim."). Based on the above, the Court denies Defendants' motion to dismiss Plaintiffs' false advertising claim.

## Conclusion

For the foregoing reasons, the Court grants in part and denies in part Defendant's Motion to Dismiss. The Court finds: (1) Plaintiffs have failed to adequately show that Can You Imagine That has standing to pursue these claims, (2) Plaintiffs have failed to adequately allege a claim as to trademark and trade dress dilution (counts III and IV), and (3) Plaintiffs have failed to allege a claim against individual defendant Nathanson. The Court further finds: (1) Plaintiffs have adequately alleged claims against individual defendant Dannettelle, and (2) Plaintiffs have adequately alleged a false advertising claim under California law (count VIII). The Court grants Plaintiffs leave to amend. Plaintiffs shall file a Second Amended Complaint, if any, no later than 14 days from the date of this Order. No new claims shall be added without leave of the Court. The failure to file a Second Amended Complaint by that date will result in the dismissal of Can You Imagine That as a plaintiff from this cause of action, as well as the dismissal of (1) Plaintiffs' trademark and trade dress dilution claims, and (2) the dismissal of individual defendant Nathanson.

IT IS SO ORDERED.