JWC LEGAL
Jodie Cheng (SBN 292330)
445 South Figueroa Street 31st Floor
Los Angeles, CA 90071
Telephone: (415) 293-8308
Email: jodie@jwc-legal.com
Attorneys for Plaintiffs,
CANDYMAN KITCHENS INC. and CAN YOU IMAGINE THAT!
CONFECTIONS INC.

MANDOUR & ASSOCIATES, APC
JOSEPH A. MANDOUR, III (SBN 188896)
Email: jmandour@mandourlaw.com
BEN T. LILA (SBN 246808)
Email: blila@mandourlaw.com
8605 Santa Monica Blvd., Suite 1500
Los Angeles, CA 90069
Telephone: (858) 487-9300
Attorneys for Defendants,
SWEETS INDEED, LLC and Marie E. Dannettelle

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CANDYMAN KITCHENS INC.; CAN YOU IMAGINE THAT! CONFECTIONS INC., | Civil Case No. 2:20-cv-00841-PA-AGR |
| Plaintiffs, | **JOINT REPORT PURSUANT TO FED. R. CIV. P. 26(f)** |
| v. | |
| SWEETS INDEED, LLC; MARIE E. DANNETTELLE, | |
| Defendants. | |

Pursuant to Fed. R. Civ. P. 26(f) and Local Rule 26-1, Plaintiffs CANDYMAN KITCHENS INC. and CAN YOU IMAGINE THAT! CONFECTIONS INC. and Defendants SWEETS INDEED, LLC and Marie E. Dannettelle hereby submit the following Joint Report:

**Meeting Conducted:**

Pursuant to Federal Rule of Civil Procedure 26(f), the Parties conducted a telephonic conference on April 17, 2020.  The conference was attended by:

Jodie W. Cheng for Plaintiffs

Ben T. Lila for Defendant

**Fed. R. Civ. P. 26(f) Discovery Plan**

- *Fed. R. Civ. P. 26(f)(3)(A)*:  The Parties agree that no changes should be made in the form or requirement for disclosures under Rule 26(a).   Initial disclosures shall be exchanged by May 1, 2020 pursuant to Rule 26(a)(1)(C).

- *Fed. R. Civ. P. 26(f)(3)(B)*:  The Parties intend to conduct discovery on all the claims and defenses, liability and damages, as alleged in the pleadings, including Plaintiffs' claims of trademark infringement.   Discovery will not be conducted in phases.

- *Fed. R. Civ. P 26(f)(3)(C)*:  The Parties have agreed that service of case documents via email is allowable.  Any mailed discovery will be accompanied by email transmission of the captioned discovery requests or responses and objections.  The date of service will be the date that emailed discovery is transmitted.  The Parties agree to the electronic production of electronically stored information ("ESI").  Responsive documents will be Bates-stamped and may be exchange via a file-sharing service such as a File Transfer Protocol Site ("FTP Site") or DropBox.  The Parties agree that responsive documents need not be provided in native format, but reserve the right to request and receive documents in native format, including, but

not limited to, Microsoft Excel spreadsheets.

- *Fed. R. Civ. P. 26(f)(3)(D)*:  The Parties believe they will be able to stipulate to a protective order that will be proposed to the Court forthwith.  The Parties do not anticipate any unique or unusual issues concerning privilege.

- *Fed. R. Civ. P. 26(f)(3)(E)*:  The Parties agree that the number of discovery request and amount of time to answer shall be provided for by the Federal Rules, unless the Court orders otherwise on good cause shown or unless the Parties stipulate otherwise.

- *Fed. R. Civ. P. 26(f)(3)(F)*: The Parties believe they will be able to stipulate to a protective order that will be proposed to the Court forthwith.

**Matters to be Discussed Pursuant to Local Rule 26-1**

- *Local Rule 26-1(a)*: Complex Litigation: The Parties agree that this is not a complex case requiring the procedures of the Manual For Complex Litigation.

- *Local Rule 26-1(b)*: Motion Schedule: The Parties propose that all discovery and dispositive motions be filed by June 30, 2021, and any associated motion hearing occur by August 31, 2021.

- *Local Rule 26-1(c)*: ADR: Pursuant to Local Rule 16-15.4, the Parties agree to ADR Procedure No. 2: Court Mediation Panel.

- *Local Rule 26-1(d)*: Trial Estimate: The Parties have requested a jury trial.  The Parties estimate the trial will take 5-7 days.

- *Local Rule 26-1(e)*: Additional Parties: The Parties do not anticipate joining additional parties at this time, but reserve their rights to join parties should the need arise due to discovery or other developments.

- *Local Rule 26-1(f)*: Expert Witnesses: The parties propose the following dates for the disclosures of expert witnesses pursuant to Rule 26(a)(2):

> April 30, 2021 – Deadline to serve initial expert reports; and,

> May 28, 2021 – Deadline to serve rebuttal expert reports.

June 30, 2021 – Deadline for all expert discovery.

**Matters to be Discussed Pursuant to Fed. R. Civ. P. 16(b)(1)-(6)**

(1) *A listing and proposed schedule of written discovery, depositions, and a proposed discovery cut-off date*:

The Parties propose that all discovery, including fact and expert depositions, shall be commenced in time to be completed by June 30, 2021.

The Parties propose a cut-off date for all fact discovery, including written discovery and depositions, of March 31, 2021.

(2) *A listing and proposed schedule of law and motion matters, and a proposed dispositive motion cut-off date*:

The Parties propose all discovery and dispositive motions must be filed by June 30, 2021, and any associated motion hearing occur by August 31, 2021.

(3) *A statement of what efforts have been made to settle or resolve the case to date and what settlement procedure is recommended pursuant to Local Rule 16-14.4 (specifically excluding any statement of the terms discussed)*:

The Parties agree to ADR Procedure No. 2: Court Mediation Panel.

The Parties report that it is premature to discuss settlement at this stage, but are committed to informal settlement discussions..

(4) *An estimated length of trial and a proposed date for the final pretrial conference and for trial*:

The Parties have requested a jury trial.  The Parties estimate the trial will take 5-7 days.

(5) *A discussion of other parties likely to be added*;

The Parties do not anticipate joining additional parties at this time, but reserve their rights to join parties should the need arise due to discovery or other developments.

(6) *Whether trial will be by jury or to the court*;

The Parties anticipate a trial by jury for all claims and defenses.

**Additional Matters to be Discussed**

(1) *Short Synopsis Of The Principal Issues In The Case*:

Plaintiffs allege that Defendants sold, offered for sale, advertised, and promoted counterfeit candy and confectionary products, and continue to do so.  By doing so, Plaintiffs claims that Defendants have infringed Plaintiffs' registered and unregistered trademarks and trade dress, committed false advertising, and engaged in unfair competition.

Defendants deny Plaintiffs' claims and have filed motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) based on, *inter alia*, Plaintiffs' failure to state a claim and challenging the standing of Plaintiff CAN YOU IMAGINE THAT! CONFECTIONS INC.  The Court ruled on Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint on April 9, 2020, granting-in-part and denying-in-part Defendants' motion and granting Plaintiffs' leave to file an amended Complaint.  Plaintiffs timely filed their Second Amended Complaint on April 23, 2020.  Defendants' earlier motion to dismiss was not decided as it was mooted.

Defendants have not yet filed an Answer to the pending Second Amended Complaint.  Defendants generally contend Plaintiff CAN YOU IMAGINE THAT! CONFECTIONS, INC. lacks standing to sue, Plaintiffs' claim of trademark rights are invalid and that there is no likelihood of confusion and thus no trademark infringement.  Defendants further contend there is no factual or legal basis for naming Defendant Marie Dannettelle in her individual capacity.  Plaintiffs note that Defendants moved to dismiss Defendant Dannettelle and the Court subsequently denied Defendants' motion.

(2)  *Statement of Whether Pleadings Are Likely to be Amended*:

Plaintiffs have filed a Second Amended Complaint with the Court's leave. After meeting and conferring with Defendants regarding Defendants' prospective motion to dismiss Plaintiffs' Second Amended Complaint, Plaintiffs will seek leave to file a Third Amended Complaint to minimize motion practice before the Court.

Defendants will not oppose Plaintiffs' motion for leave to file a Third Amended Complaint in lieu of filing a response to the Second Amended Complaint. Defendants have not yet filed an Answer.

(3)  *Statement as to Issues, which Any Party Believes May Be Determined by Motion*:

Defendants anticipate filing a Motion for Summary Judgment against all Plaintiffs' claims after the close of discovery.

**JWC LEGAL**

Date: May 1, 2020

_____/s/ Jodie W. Cheng_____

Jodie W. Cheng
Attorneys for Plaintiffs,
CANDYMAN KITCHENS INC. and CAN YOU IMAGINE THAT! CONFECTIONS INC.

**MANDOUR & ASSOCIATES, APC**

Date: May 1, 2020

_____/s/ Ben T. Lila_____

Ben T. Lila
Attorneys for Defendants,
SWEETS INDEED, LLC and Marie E. Dannettelle

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I caused copies of the foregoing document to be served on May 1, 2020, upon the following in the manner indicated:

| | |
|---|---|
| Joseph A. Mandour, III<br>    jmandour@mandourlaw.com<br>Ben T. Lila<br>    blila@mandourlaw.com<br><br>Mandour and Associates APC<br>8605 Santa Monica Boulevard Suite 1500<br>Los Angeles, CA 90069 | *VIA ELECTRONIC MAIL* |

By:  */s/ Jodie W. Cheng*
Jodie W. Cheng (SBN 292330)